IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN JAMES,

        Plaintiff,                    No. 2:10-cv-03279 MCE KJN PS

    v.

ALBERT GARY; CURTIS
FERGUNSON and CREW,[1]

        Defendants.          <u>ORDER</u>

_____/

        Plaintiff, who is proceeding without counsel, filed his complaint on December 8, 2010. (Dkt. No. 1.) Presently before the court is plaintiff's application to proceed without prepayment of fees, otherwise referred to as an application to proceed "in forma pauperis." (Dkt. No. 2.) For the reasons stated below, the undersigned will grant plaintiff's application to proceed in forma pauperis, but will dismiss his complaint without prejudice. Plaintiff will be granted

---

[1] It is unclear what plaintiff means by including the phrase "and Crew" in the caption of his complaint. The term "crew" does not identify a specific individual or organization that plaintiff wishes to name as a defendants. Additionally, plaintiff has included the phrase "Holding Government Heritage, Money" in the area of the caption reflecting the defendants' names. It is unclear what plaintiff intends to convey by including this phrase. Plaintiff's Civil Cover Sheet does not clarify matters because it does not identify any named defendants in the space provided.

1

leave to file an amended complaint.

Plaintiff has requested leave to proceed in forma pauperis.[2] Pursuant to federal statute, a filing fee of $350 is ordinarily required to commence a civil action in federal district court. 28 U.S.C. § 1914(a). The court may, however, authorize the commencement of an action "without prepayment of fees and costs or security therefor" by a person that is unable to pay such fees or provide security therefor. 28 U.S.C. § 1915(a)(1). Plaintiff's application and declaration make the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. The court is also required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See also Lopez, 203 F.3d at 1126-27 ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

In assessing whether a plaintiff's complaint fails to state a claim on which relief can be granted, the court adheres to the "notice pleading" standard. Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). A complaint should

---

[2] The undersigned notes that plaintiff's application to proceed in forma pauperis only lists "Albert Gary and Crew" as defendants, and does not list defendant Curtis Fergunson.

be dismissed for failure to state a claim if, taking all well-pleaded factual allegations as true, it does not contain "'enough facts to state a claim to relief that is plausible on its face.'" See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949). The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted). The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez, 203 F.3d at 1130-31.

        Upon review of plaintiff's complaint, the undersigned will dismiss the complaint for failure to comply with the pleading standards described above, but will permit plaintiff to file an amended complaint. The pleading deficiencies in the complaint are fundamental and preclude the court from ordering service of the complaint. Plaintiff filed his complaint on a form complaint, which includes instructions for the pleading party. However, plaintiff has not actually provided any text, let alone facts, regarding any events in question, including the alleged conduct of each defendant, and the claims for relief that arose as a result of each defendant's alleged conduct. The only text in the complaint consists of the pre-printed instructions on the form. In any amended complaint, plaintiff must follow the pleading standards set forth above, including identifying the alleged conduct of each named defendant that gives rise to plaintiff's claims,

3

whatever those claims might be.[3]

Based on the foregoing, the undersigned will dismiss plaintiff's complaint. However, plaintiff will be granted leave to file an amended complaint that complies with Rule 8 and the pleading standards set forth above and corrects the deficiencies addressed herein. Lopez, 203 F.3d at 1126-27 (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, he shall identify each defendant in both the caption and the body of the amended complaint, and clearly set forth the factual allegations against each such defendant showing entitlement to relief, as well as the relief sought.

Plaintiff shall also specify a basis for this court's subject matter jurisdiction. Generally, original federal subject matter jurisdiction may be premised on two grounds: (1) federal question jurisdiction, or (2) diversity jurisdiction.[4] District courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides

---

[3] Plaintiff's Civil Cover Sheet filed with the court, which does not legally constitute part of the complaint, sheds no light on plaintiff's purported claims. Insofar as the "Nature of Suit" is concerned, plaintiff checked all of the following boxes despite the instruction to check only one box: "Land Condemnation"; "Assault, Libel & Slander"; a "Motor Vehicle" tort; "Other Personal Injury"; "Other Personal Property Damage"; a civil rights claim related to "Housing/Accommodations"; "Other Civil Rights"; a prisoner civil rights petition; and violation of statutes pertaining to "Banks and Banking," "Deportation," "Racketeer Influenced and Corrupt Organizations," and the "Freedom of Information Act." (Dkt. No. 1, Doc. No. 1-1.)

[4] Other bases for subject matter jurisdiction may exist depending on the nature of the claims and the parties.

4

that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1091 (9th Cir. 2009).  District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States."  28 U.S.C. § 1332.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete.  Eastern District Local Rule 220 requires that an amended complaint be complete in itself.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent.").  Accordingly, once a plaintiff files an amended complaint, the original no longer serves any function in the case.  Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

Finally, the undersigned cautions plaintiff that failure to prosecute his lawsuit or failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed.  See Fed. R. Civ. P. 41(b); Local Rules 110, 183(a); see Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the

1  court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow
2  a district court's local rules is a proper ground for dismissal."); Ferdik, 963 F.2d at 1260
3  ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for
4  failure to comply with any order of the court."); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.
5  1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.");
6  Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam)
7  (stating that district courts have inherent power to control their dockets and may impose
8  sanctions including dismissal).

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's application for leave to proceed in forma pauperis (Dkt. No. 2) is granted;

2. Plaintiff's complaint is dismissed with leave to amend; and

3. Plaintiff is granted thirty (30) days from the date of service of this order to file an amended complaint that is complete in itself.  The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."  Plaintiff must file an original and two copies of the First Amended Complaint.  Failure to timely file a First Amended Complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED:  December 9, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE